## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**KENNETH DALE OOTEN,**

    **Plaintiff,**

**v.**                                                            **Civil Action No. 3:18-cv-01224**

**ANDREW SAUL[1],**
**Commissioner of Social Security,**

    **Defendant.**


### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for benefits under the Social Security Act, 42 U.S.C. §§ 405(g) and/or 1383(c)(3).   By Standing Order, on August 13, 2018 (ECF No. 4), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).   On August 10, 2018, Plaintiff filed his Complaint in this matter and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1 and 2).   By Order and Notice entered August 14, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to serve the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure (ECF No. 5).   Electronic summonses were issued on

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).   *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (stating action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

August 14, 2018 (ECF No. 6).   On June 6, 2019, the undersigned entered a Notice of Failure to Make Service Within 90 Days to Plaintiff, which advised him that this civil action would be dismissed within ten days of the filing of the notice unless he could demonstrate good cause to the Court why service was not made within the 90 period of time (ECF No. 7).   Neither Plaintiff nor his counsel responded to the Notice of Failure to Make Service Within 90 Days.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2]  and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a plaintiff's failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution,

---

[2] Rule 41(b) of the Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as adjudication on the merits.

the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Plaintiff therefore, is the sole cause of the delays in this action. Plaintiff was directed to serve a copy of the Summons and Complaint on the Defendant within a 90 day period.  Thus, Plaintiff has neither effectuated service within the 90 day period, nor demonstrated good cause for his failure to do so, and dismissal is proper for this reason. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of his inability to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of the undersigned's Orders advising Plaintiff that his failure to show good cause for failure to make service would result in a dismissal of this matter without prejudice. (ECF No. 7). Accordingly, the undersigned has determined that this

3

action should be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (ECF No. 2) without prejudice for failure to prosecute and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to Plaintiff and counsel of record.

Date:   September 3, 2019

Dwane L. Tinsley
United States Magistrate Judge